HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

MATTHEW A. MORALES,

                        Plaintiff,

           -against-

CITY OF NEW YORK, RUSHAYED M. CHOWDHURY, "JOHN DOE # 1-12," being and intended to be all police officers involved in the arrest and prosecution of Plaintiff,

                        Defendants.

------------------------------X

                                   COMPLAINT

       Plaintiff, MATTHEW A. MORALES, through his attorney, HARRY H. KUTNER, JR., complaining of defendants, respectfully alleges:

## JURISDICTION

       1.    That this claim arises under the laws of the United States, particularly 42 USC §§ 1981, 1983 and 1988, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and pendant New York State law.

       2.    That this Court has jurisdiction over these claims under and by virtue of and 28 USC §§ 1331 and 1343.

## JURY DEMAND

3. That plaintiff demands a trial by jury of all issues.

## PARTIES

4. That at all times hereinafter mentioned, plaintiff, MATTHEW A. MORALES, was and still is a resident of Greenpoint, County of Kings, State of New York, and a person within the jurisdiction and entitled to the protection of the laws of the United States of America.

5. That at all times hereinafter mentioned and upon information and belief, defendant, CITY OF NEW YORK (hereinafter referred to as "CITY"), was and still is a municipal subdivision of the State of New York and the employer of the individual defendants.

6. That at all times hereinafter mentioned and upon information and belief, defendant, RUSHAYED M. CHOWDHURY (hereinafter referred to as "CHOWDHURY"), was a police officer in the employ of defendant, CITY, and a resident of the State of New York and a citizen of the United States.

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

7. That at all times hereinafter mentioned and upon information and belief, defendants, "JOHN DOE # 1-12", were all the police officers in the employ of defendant, CITY, and residents of the State of New York, and intended to be all those other unidentified police officers who were involved in the arrest and prosecution of plaintiff.

8. That at all times hereinafter mentioned and upon information and belief, the aforementioned individual defendants are named herein both personally and in their official representative capacities as employees or officials of defendant, CITY.

9. That at all times hereinafter mentioned and upon information and belief, each and all of the acts of the individual defendants alleged herein were done by them under color and pretense of the statutes, laws, ordinances, regulations, customs and usages of the State of New York and the defendant, CITY, and under and by virtue of their authority as police officers and detectives in the State of New York and employees of said defendant, CITY, and in concert with persons who were acting under color and pretense of the statutes, laws, ordinances, regulations, customs and usages of the State of New York and defendant, CITY.

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

10. That as a result of the conduct herein complained, defendant, CITY, is liable for the individual defendants' acts pursuant to the doctrine of respondent superior, and/or pursuant to their official policies and forebearances, and/or pursuant to State of New York and CITY laws, ordinances, and/or employment-indemnity contracts, and/or pursuant to *Monell*.

### AS AND FOR A FIRST CLAIM FOR RELIEF
(42 U.S. Code §§ 1981 and 1983)

11. That on April 1, 2023, plaintiff was working for defendant, CITY, as a Board of Education employee at Erasmus Hall H.S. in Flatbush, County of Kings, State of New York.

12. That at the aforesaid time and place, a male individual unlawfully entered the premises with intent to commit a crime.

13. That at the aforesaid time and place, said male individual was confronted by one of the plaintiff's co-employees, who was then assaulted and attempted to be robbed by the male individual.

14. That at the aforesaid time and place, plaintiff and other

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

co-employees responded to their assault-robbery victim co-employee's calls for help and intervened on his behalf, restraining with great difficulty the male individual (despite his being greatly outnumbered and being told to stop resisting, he continued to violently and strongly resist) while awaiting police arrival.

15. That upon information and belief, as one of the co-employees called for the police, another flagged down a passing police car.

16. That when the police arrived, they immediately took the male individual into custody and transported him to the Precinct.

17. That soon after, police officers and one of their supervisors returned to the school to view the video of the incident which unequivocally showed the circumstances-events related above, but inexplicably then arrested and handcuffed plaintiff.

18. That defendants then charged plaintiff with seven criminal charges, including two violent felonies, four misdemeanors, and one violation.

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

19. That plaintiff's arrest was without probable cause, and in fact was specifically shown by the video to be without any rational basis.

20. That plaintiff's arrest was without a warrant or probable cause to conclude he had committed any offense.

21. That defendants then warrantlessly searched plaintiff.

22. That defendants refused to tell plaintiff why he had been arrested because they could not, i.e., there was no reason.

23. That defendants conspired to charge plaintiff with crimes without any basis.

24. That defendants refused plaintiff's request to learn why he was being arrested since the actual events, corroborated by the video, established plaintiff had no contact whatsoever with the male individual.

25. That defendants then placed the handcuffed plaintiff in a police car and transported him to a police precinct house.

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

26. That defendants continued to refuse to tell plaintiff why he had been arrested for an extended period.

27. That despite no probable cause to hold plaintiff, and specifically and expressly for constitutionally and statutorily violative purposes, and to try to absolve defendants of civil liability, defendants refused to release plaintiff and instead filed false charges against him.

28. That plaintiff was charged with:

    A.    Assault Second Degree (Class "D" felony);

    B.    Attempted Assault Second Degree (Class "E" felony);

    C.    Assault Third Degree (Class "A" misdemeanor);

    D.    Menacing Second Degree (Class "A" misdemeanor);

    E.    Attempted Assault Third Degree (Class "B" misdemeanor);

    F.    Menacing Third Degree (Class "B" misdemeanor); and

    G.    Harassment Second Degree (Violation).

29. That said charges were without any cause or basis.

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

30. That said charges were knowingly false.

31. That upon information and belief, said charges were filed in the expectation that plaintiff would resolve them by plea bargaining through an unagressive defense attorney since he and his family were of lower income and modest means, and defendants would never have to answer for their constitutionally-violative actions.

32. That as a result of the foregoing, plaintiff has been deprived of the following rights, privileges and immunities secured to him by the Constitution and the laws of the United States: the right to speak and associate freely and to enjoy personal liberty and freedom of movement and assembly under the First and Fourteenth Amendments; the right to be secure in person and effects against unreasonable and unlawful searches and seizures under the Fourth and Fourteenth Amendments; the right not to be stopped, detained, arrested nor falsely charged without due and probable cause under the Fourth, Fifth, Sixth and Fourteenth Amendments; the right not to be falsely stopped, detained and arrested, nor to be deprived of his life, liberty or property without due process of law, and the right to the equal protection of the laws, all under the Fourth, Fifth, Sixth and Fourteenth

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

Page -8-

Amendments; the right to be timely informed of the nature and cause of the arrest and accusations, and to have sworn truthful accusations made against them under the Fifth, Sixth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

33. That as a result of the foregoing, defendant, CITY suspended plaintiff without pay from his employment, denying him his regular and overtime pay, pension credits, other employee benefits and compensation.

34. That as a result of the foregoing, plaintiff has suffered the loss of freedom, mental and emotional distress, and incurred lost income, attorneys' fees and court expenses, and other consequential damages.

35. That as a result of the foregoing, plaintiff has suffered a loss of his sense of security and trust in the protection government is supposed to provide through its police and prosecutors, and instead now believe and fears harm from them.

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

36. That a result of the foregoing, plaintiff has suffered and will continue to suffer permanent consequential emotional fear and a lack of comfort and safety.

37. That as a result of the foregoing, plaintiff has been unable to carry on his usual daily activities, life and style of living as he did prior to this incident and its aftermath.

38. That as a result of the foregoing, plaintiff is entitled to compensatory damages against defendants in the sum of ONE MILLION ($1,000,000.00) DOLLARS, plus punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS, plus an injunction ordering said individual defendants and their employer, defendant, CITY, to expunge every single record created due to plaintiff's arrest, plus an award pursuant to 42 U.S.C § 1988 for attorneys' fees, costs and disbursements as provided by law, and for any such other and further relief which is just, equitable, and proper.

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

Page -10-

## AS AND FOR A SECOND CLAIM FOR RELIEF
(42 U.S. Code § 1981 - Conspiracy to Deprive Civil Rights)

39. That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" as though more fully set forth herein at length.

40. That defendants conspired to deprive plaintiff of his civil rights by the aforementioned conduct.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(Pendant state law tort: False Arrest)

41. That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" as though more fully set forth herein at length.

42. That plaintiffs arrest was without any basis.

43. That defendants intended to arrest plaintiff falsely, consciously knowing there was no probable cause to do so in the circumstances as verified by the video.

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

### AS AND FOR A FOURTH CLAIM FOR RELIEF
(Pendant state law tort: False Imprisonment)

44. That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" as though more fully set forth herein at length.

45. That plaintiff was imprisoned for two days, and then falsely detained in the nature of bail release restrictions until October 27, 2023 (seven months) when the charges were dismissed and plaintiff was released from court restraint.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
(Pendant state law tort: I.I.E.D.)

46. That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" as though more fully set forth herein at length.

47. That said defendants used their authority as police-peace officers to intimidate, scare, and upset plaintiff.

48. That defendants not only did not act to find out the "Truth," but when learned from the video of plaintiff's total actual innocence,

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

tried to scare plaintiff into confessing despite his having done nothing wrong.

49. That defendants intended to place plaintiff in fright, fear, and emotional distress.

50. That defendants intended to intimidate plaintiff into falsely confessing his participation, and later from filing criminal or professional disciplinary charges, or this civil suit, against them.

51. That defendants caused plaintiff emotional distress.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
(Pendant state law tort: Malicious Prosecution)

52. That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" as though more fully set forth herein at length.

53. That said criminal charges were knowingly false when filed.

54. That said criminal charges were malicious.

55. That all said charges were dismissed.

Page -13-

### AS AND FOR A SEVENTH CLAIM FOR RELIEF
(Pendant state law tort: Abuse of Process)

56. That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" as though more fully set forth herein at length.

57. That defendants abused the legitimate and authorized criminal processes of the State of New York for the motives aforementioned.

### AS AND FOR AN EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANT, CITY ONLY
(*Monell*)

58. That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" as though more fully set forth herein at length.

59. That upon information and belief, before, on and after April 1, 2023, defendant, CITY, and its police officer defendants, through its elected officials and high-ranking police and other policy-making officials, failed to properly train and re-train its police officers and detectives, and/or to properly investigate cases involving misconduct including the improper use of authority by police officers and detectives, nor to impose disciplinary

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

Page -14-

penalties for such misconduct, because it would be severely criticized and hamper careers, and be politically disadvantageous in seeking police unions' support in elections, and agreed to contracts permitting police misbehavior without recrimination, and in so doing *de facto* encouraged condonation and cover-ups, and failed to discourage police misbehavior and other misconduct, resulting in the false arrest and false imprisonment of innocent citizens including plaintiff, and thereby operated under an official custom or policy of tacit approval, consent, acquiescence or condonation of such misconduct, for motives of political gain and professional acclaim, and avoidance of civil liability for errors.

60. That upon information and belief, defendant, CITY, and its police officer defendants, adopted, covered-up and condoned, both by acting and by failing to act, and established a policy of implicit approval of misconduct by its police officers.

61. That as a result of the foregoing, plaintiff was caused to be denied their constitutional and civil rights as aforesaid.

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

Page -15-

WHEREFORE, plaintiff, MATTHEW A. MORALES, demands that judgment be entered against defendants on all or any of the claims for relief as follows:

    A.    for compensatory damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS, plus punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

    B.    for an award pursuant to 42 U.S.C § 1988 for attorney's fees, costs, and disbursements of the action; and/or

    C.    for any such other and further relief which is just, equitable, and proper.

Dated: Garden City, New York
        December 1, 2023

*[signature]*
HARRY H. KUTNER, JR., ESQ.
(#69497)
Attorney for plaintiff
1325 Franklin Avenue, Suite 225
Garden City, New York 11530
(B) (516) 741-1400
(E) hhkutnerlaw@gmail.com

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

ALL-STATE LEGAL®
800.222.0510 www.aslegal.com

Index No. _____ Year 20___

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT

MATTHEW A. MORALES,

                  Plaintiff,

       -against-

CITY OF NEW YORK, et al.

                  Defendants.

## SUMMONS AND COMPLAINT

*Attorney(s) for*

**HARRY H. KUTNER, JR.**

Plaintiff

1325 FRANKLIN AVENUE, SUITE 225

GARDEN CITY, NEW YORK 11530

(B) 516-741-1400

(F) 516-741-8712

(E) HHKUTNERLAW@GMAIL.COM

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: ............................ Signature ............................

**HARRY H. KUTNER, JR.**

Service of a copy of the within _____ is hereby admitted.

Dated:

............................

*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a _____ entered in the office of the clerk of the within-named Court on _____ 20___

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the Hon. _____, one of the judges of the within-named Court, at _____
on _____ 20___, at _____ M.

Dated:

**HARRY H. KUTNER, JR.**

*Attorney(s) for*